# Martha and John Riddle v. Elijah and Betty Jane Sumner, et al.

(Decided November 25, 1924.)

## Appeal from Perry Circuit Court.

1. Trial—Parties Should be Diligent in Taking Proof—Failure of One Party to Notify Another when he is Through Does Not Excuse Delay of Such Other.—Parties to equitable actions should be diligent in taking their proof, and, in absence of agreement, mere fact that one of them fails to tell other when he is through with his proof is no excuse for delay.

2. Trial—Submission Without Notice Held Not a Fraud on Defendants.—Where defendants had several months in which to take proofs, but even after submission was set aside, failed to do so merely because opposing counsel who had papers was sick, and failed to file amended answer as intended, they were guilty of neglect, and submission of case without notice four weeks later was not a fraud on them.

3. Trial—Judgment Held Not Prematurely Rendered.—Where issues should have been completed and proof taken long before final submission, judgment held not prematurely rendered.

WOOTTON, SMITH & WOOTTON for appellants.

MORGAN, EVERSOLE & BOWLING for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On April 8, 1921, Elijah Sumner and Betty Jane Sumner conveyed to their daughter, Martha Riddle, a tract of land in Perry county. The consideration for the conveyance was an agreement on the part of the grantee to support the grantors during the remainder of their lives. A few months later the grantors brought suit against Martha Riddle and her husband, John Riddle, to cancel the deed on the ground that they had failed to comply with their agreement. About the same time Martha Riddle and John Riddle brought suit against Elijah Sumner and Betty Jane Sumner to enjoin the Sumners from interfering with them in the use and control of the land. The two suits were consolidated, and on February 2, 1923, judgment was rendered cancelling the deed, and dismissing the petition of the Riddles. On March 19, 1923, Martha Riddle and John Riddle brought this suit against the Sumners to obtain a new trial on the ground of fraud and clerical misprision. A demurrer was sustained to the petition, and the petition was dismissed. The Riddles have appealed.

After setting out the pendency of the consolidated actions, the averments of the petition are in substance as follows: On March 24, 1922, the parties agreed in writing to settle and dismiss the case. Pursuant to the agreement plaintiffs executed, signed, acknowledged and delivered to the Sumners a deed reconveying the land, but retaining a one-fourth interest in Martha Riddle, who was not to have any control over the land until after the death of her parents, Elijah and Betty Jane Sumner. This deed the Sumners accepted. Notwithstanding the settlement, the Sumners declined to permit the action to be dismissed, and proceeded to take depositions in chief until they were through taking same. Thereupon plaintiffs proceeded to take their depositions, at the conclusion of which they notified the Sumners that they were through. Thereafter the Sumners proceeded to take their proof, but at no time did they notify plaintiffs that they were through, and plaintiffs presuming that they were not through did not take their proof in surrebuttal before the January, 1923, term of court. Had the Sumners notified them that they had completed their testimony plaintiffs would have taken their testimony in surrebuttal, but they had no notice that the Sumners had finished their testimony until they procured an order at the January, 1923, term of court submitting the case for judgment. The next day plaintiffs moved the court to set aside the order of submission, which was done, on the fourth day of the term. Soon after the order of submission was set aside the attorney for the Sumners, who had the papers in his possession, was taken sick and confined to his home for three weeks or more. In the meantime, the regular January term of court expired and the court entered an order extending the term for a period of six days. Without notice to plaintiffs or their attorneys, and without their knowledge, the papers were handed to the judge, who rendered judgment cancelling the deed. This judgment should not have been rendered as plaintiffs had not had time to take their proof in surrebuttal, and no notice of the order of submission was given to them. In view of the fact that the Sumners declined to abide by the agreement to dismiss the actions it was necessary for fair and proper hearing that plaintiffs should file an amended answer pleading the settlement which they intended to do at the conclusion of the proof, in order that the pleadings might conform to the

proof. On July 28, 1922, they filed the agreement as part of the deposition of Martha Riddle, and on August 3, 1922, they filed a copy of the deed which plaintiffs had executed to the Sumners. By various witnesses in the case, whose depositions appear therein, they proved the written contract, and the execution and delivery of the deed. During this time they were relying on the settlement and intended at the conclusion of the testimony to file an amended answer pleading the settlement and acceptance of the deed, but considered it proper to withhold the filing of same until all the proof was taken. Had they been notified of the submission of the case at the January extended term they would have objected to the jurisdiction of the court and offered to file the amended answer pleading the settlement. The submission of the case to the court at the January extended term without notice to them or their attorneys, though perhaps not intended, amounted to fraud against their rights, and prevented them from having an opportunity to take their testimony in surrebuttal, and deprived them of an opportunity to file an amended answer. They did not know, and could not, by the exercise of diligence and prudence, know until after the term of the court expired that the consolidated cases had been submitted, or that judgment had been rendered. These conditions and facts constituted fraud against their substantial rights, and prevented them from having a fair trial. They also constituted misprision of the clerk in that the consolidated cases did not stand for trial.

Parties to equitable actions should be diligent in taking their proof, and in the absence of an agreement on the question, the mere fact that one of them fails to tell the other when he is through with his proof is no excuse for any delay on the part of the other. Here, the plaintiffs had several months in which to take their proof before the first submission of the case at the January term. Not only so, but they had four weeks in which to take the additional proof between the setting aside of the first submission and the final submission of the case. Their only excuse for failing to avail themselves of this opportunity is that the attorney on the other side had the papers, and he was sick. This might have justified the other side in requesting a postponement, but furnished no reason why plaintiffs should not have proceeded to

make out their case.  Nor is any reason shown why the amended answer pleading the settlement was not filed. The alleged settlement was made in March.   It was proved by depositions taken in July and August.  All the facts were then known and the amended answer should have been offered within a reasonable time thereafter.   Instead of doing this no amended answer was tendered before the first submission, or during the time intervening between the first submission and the final submission of the case.   Instead of making out a case of fraud practiced by the successful party in obtaining the judgment, it is at once apparent that the facts alleged simply make out a case of neglect on the part of plaintiffs.

The clerical misprision relied on was the rendition of the judgment before the action stood for trial.   In reply to this contention it is sufficient to say that the issues should have been completed, and the proof taken long before the final submission of the case, and that being true, there is no basis for the claim that the judgment was prematurely rendered.

Judgment affirmed.